IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA A. LATORRACA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Wayne R. Andersen |
| v. | ) | District Judge |
| | ) | |
| FORSYTHE TECHNOLOGY INC., | ) | Case No. 06 C 02331 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM, OPINION, AND ORDER

This case is before the court on defendant Forsythe Technology Inc.'s ("Forsythe") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Maria A. LaTorraca brings discrimination claims pursuant to Title VII of the Civil Rights Act ("Title VII"), specifically, the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.* ("FMLA"), in connection with her discharge. The plaintiff also seeks relief with breach of oral contract, promissory estoppel, and intentional infliction of emotional distress claims. For the reasons set forth below, defendant's motion for summary judgment is denied in part, and granted in part.

## Overview

The plaintiff worked at Forsythe from December 1996 until January 2005. Forsythe employs over 500 individuals. She began as a full-time employee, though at the time of her discharge, the plaintiff worked part-time (three days per week) in the position of an Inventory Product Specialist ("IPS") responsible for the sale of Hewlett-Packard/Unix servers and peripherals. In connection with the birth of her first child, the plaintiff applied for and was permitted Family and Medical

1

Leave ("FML"). After returning from the FML, she elected to work part time in order to spend time with her child, and was permitted to do so. Later, when her child started school, she was also permitted to change her hours to be at home after school. At the time she was the only part-time employee in her five-person department at Forsythe, supervised by Harry Manos.

In 2004, the plaintiff commenced a second FML in connection with her second child. Before her leave began, she and Manos discussed what would happen to her sales inventory. They decided that it would be put on hold until her return. However, while the plaintiff was on FML, the company underwent restructuring to reduce expenses. The plaintiff's position merged with another IPS position, previously held by Anthony DeFalco who was discharged, and was given to Frances Wisneski. Although Manos stated that the plaintiff's work was most favorable, he did not believe that the plaintiff would accept a full-time position and or be available for the necessary training to learn the new product lines. Thus, he did not offer the modified IPS position to the plaintiff. Wisneski, the employee who assumed the plaintiff's duties and those of DeFalco, previously held a subordinate position, was not pregnant, nor did she have children. Following the defendant's restructuring, plaintiff's department had two part-time employees, one created as a result of the restructuring.

## Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We must construe the facts in a light most favorable to the nonmoving party. *Smith v. City of Chicago,* 242 F.3d 737, 742 (7th Cir. 2001). Because credibility and intent are

central issues in employment discrimination cases, motions for summary judgment must be approached "with added rigor." *Collier v. Budd Co*., 66 F.3d 886, 891 (7th Cir. 1995). "The moving party is entitled to a judgment as a matter of law where the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* FED. R. CIV. P. 56(e).

## Discussion

### a.  Title VII Civil Rights Act (Count I)

Title VII makes it an "unlawful employment practice" to discriminate "against any individual with respect to his compensation, terms, conditions, or privileges of employment . . . because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). The PDA amended Title VII to provide that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes . . . as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k). In order to avoid summary judgment, the plaintiff may either put "in enough evidence, whether direct or circumstantial, of discriminatory motivation to create a triable issue or by establishing a prima facie case under the *McDonnell Douglas* formula." *Sheehan v. Daily Racing Form, Inc.*, 104 F.3d 940 (7th Cir. 1997). The advantage of using the direct method of proof is that the plaintiff need not show that employees not in the protected class were both similarly situated and treated differently or that they absorbed her duties. *Taylor v. ADS, Inc*., 327 F.3d 579, 581 (7th Cir. 2003); *Michas v. Health Cost Controls of Ill., Inc*., 209 F.3d 687, 693 (7th Cir. 2000).

3

After consideration of the plaintiff's efforts to use the direct method of proof, we find them unsuccessful and turn to the indirect method. To avoid summary judgment using the indirect method of proof, the plaintiff must establish a prima facie case of discrimination using the *McDonnell Douglas* framework. If the plaintiff succeeds, the burden falls upon the defendant to articulate a legitimate, non-discriminatory reason for its employment action, which the plaintiff must then show is pretextual to avoid summary judgment. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002). When, as here, the plaintiff's position was eliminated as part of a reduction in force and the duties absorbed by other employees (the "mini-RIF"), to establish a prima facie case of sex discrimination the plaintiff must show that she: (1) was a member of a protected class, (2) was performing her job satisfactorily, (3) experienced an adverse employment action, and (4) that the employees that absorbed her duties were not members of the protected class. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 693 (7th Cir. 2000).

In this case, the plaintiff could also claim that she was passed over for promotion because of her sex, but chooses not to do so, likely because of the higher burden. *See Texas,* 450 U.S. at 253. She argues only that Wisneski was promoted into the plaintiff's IPS position because Wisneski was neither pregnant nor had children. As it is clear that the IPS position now held by Wisneski resulted from the combination of two positions, it is not the same position previously held by the plaintiff. Therefore, the "mini-RIF" analysis applies.

The defendant agrees that the plaintiff satisfies the first three prongs of the *McDonnell Douglas* framework. Because the individual assuming the plaintiff's duties was neither pregnant

4

nor had children, she was not a member of plaintiff's protected class. The court finds that the plaintiff has set forth a prima facie case of discrimination. The burden now turns to the defendant to offer a legitimate, nondiscriminatory reason for the plaintiff's discharge.

The defendant submits that plaintiff's discharge was part of a company-wide effort to reduce expenses, which is a legitimate, nondiscriminatory reason. As part of this effort, both male and female employees besides the plaintiff were discharged. In plaintiff's own department, the other employee in the position of IPS was discharged, his product lines given to Wisneski, as well. Another employee was reduced to part-time from full-time as a result of this restructuring. The burden now returns to the plaintiff to show that this reason is mere pretext.

In considering pretext, the "only concern in reviewing an employer's reasons for termination is the honesty of the employer's beliefs." *Balderston v. Fairbanks Morse Engine Div.*, 328 F.3d 309, 323 (7th Cir. 2003). A plaintiff-employee cannot defeat a motion for summary judgment unless she can put forth evidence that suggests that the defendant-employer did not believe its own stated reasons for the adverse employment action. *Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 560-561 (7th Cir. 2007). The nondiscriminatory reason may be "mistaken, ill considered or foolish, so long as [the employer] honestly believed those reasons." *Burks v. Wis. Dep't of Transp.,* 464 F.3d 744, 754 (7th Cir. 2006).

In this case, there is evidence from which a reasonable trier of fact could conclude that the defendant's stated nondiscriminatory reason for the plaintiff's discharge is pretextual and the plaintiff was discharged on account of her sex. Though it is clear that the defendant restructured its staff and more positions than the plaintiff's were modified or eliminated, it seems curious that Manos, the plaintiff's supervisor, spoke so highly of the plaintiff's abilities, yet did not retain her

5

in any capacity.  Prior to the plaintiff's leave, Manos admits that he told the plaintiff that her sales inventory would be put on hold until her return.  He also stated that he would have preferred to train the plaintiff because she had experience learning new product lines, but did not believe that she would accept a full-time position.  Further, based on the plaintiff's previously expressed desire to work part-time, Manos felt that the plaintiff would not be available for the training required to assume the new job responsibilities.  However, the company's restructuring left or created at least two part-time employees with the same job description of IPS in the plaintiff's department.  The only difference between these positions and the plaintiff's is the product lines sold.  A reasonable trier of fact could find the defendant's financial reason for the plaintiff's dismissal to be pretextual given that the two remaining part-time employees were male and the person who replaced the plaintiff was a non-pregnant, childless female.

Defendant's motion for summary judgment as to plaintiff's Title VII claim is denied.

### b. FMLA (Interference and Retaliation) (Count II)

When a plaintiff suspects discriminatory discharge in violation of the FMLA, she may brings two separate claims.  The FMLA entitles any eligible employee suffering from a serious health condition, including pregnancy, to twelve weeks of leave during each twelve month period.  29 U.S.C. § 2612(a)(1)(D).  The FMLA makes it "unlawful for an employer to interfere with an employee's attempt to exercise any FMLA rights." *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006); 29 U.S.C. § 2615(a)(1).  Second, it forbids an employer from retaliating against an employee who exercises such rights.  *Id.;* 29 U.S.C. § 2615(a)(2).  Perhaps, plaintiff's most formidable hurdle in bring FMLA claims is that the regulations clearly state that an employee who exercises FMLA rights is not entitled to preferential treatment:

6

> An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period. An employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment.

29 C.F.R. § 825.216(a)(1). In other words, if the defendant proves that the plaintiff would have been discharged whether she had been on maternity leave at the time or not, the defendant prevails. However, in order to surmount a motion for summary judgment, the plaintiff must raise a genuine issue of material fact as to very similar elements to her Title VII claim.

To prevail on an FMLA interference claim, the employee-plaintiff must establish that: (1) she was eligible for the FMLA's protections; (2) the employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided sufficient notice of his intent to take leave; and (5) the employer denied her FMLA benefits to which she was entitled. *Burnett,* 472 F.3d at 477. In this case, the defendant concedes all but the last element. However, since the plaintiff was discharged during her FMLA leave and has demonstrated pretext as to the employer's nondiscriminatory reason for her discharge, the plaintiff's claim for interference must survive summary judgment, as well. Next, we turn to the plaintiff's retaliation claim.

The plaintiff may avoid summary judgment a FMLA retaliation claim using the same direct or indirect methods of proof as discussed above in regard to plaintiff's Title VII claim. *Burnett,* 472 F.3d at 481. As with her Title VII claim, the plaintiff does not successfully use the direct method, but does make a prima facie case of retaliation using the indirect method. To proceed under the indirect method, the plaintiff "must show that after taking FMLA leave (the protected activity) [s]he was treated less favorably than other similarly situated employees who did not take FMLA leave, even though [s]he was performing his job in a satisfactory manner.*"*

7

*Hull v. Stoughton Trailers, LLC*, 445 F.3d 949, 951 (7th Cir. 2006). The defendant admits that the plaintiff was performing her job satisfactorily. Further, the court is satisfied that for purposes of summary judgment, the plaintiff has shown that similarly situated employees, fellow IPSs whether full-time or part-time, were treated more favorably given that they were not terminated. According to Manos, all IPS have similar job descriptions but for the product lines they sell. These similarly-situated employees were either male or not pregnant nor childbearing.

Having set forth a prima facie case of retaliation, the court again finds that the plaintiff has shown that the defendant's offered nondiscriminatory reason for her discharge is pretextual for purposes of summary judgment. A reasonable trier of fact could conclude that had she not taken maternity leave, the plaintiff would not have been the particular employee fired even in light of the company-wide mandate to cut costs.

Defendant's motion for summary judgment as to plaintiff's FMLA claims is denied.

### c. Breach of Oral Contract and Promissory Estoppel (Counts III, IV)

We now turn to plaintiff's breach of contract and promissory estoppel claims. Under Illinois law, a written or oral employment contract which does not specify the duration of employment creates an employment relationship terminable "at-will" by either party. *Eastman v. Chicago, C. & P. R. Co.,* 930 F.2d 1173, 1176 (7th Cir. 1991); *Pudil v. Smart Buy, Inc*., 607 F. Supp. 440, 442 (D. Ill. 1985). The plaintiff is unable to cite any evidence of duration. Further, she admits that there was no *express* guarantee of continued employment. Any oral contract for lifetime employment would violate the Statute of Frauds. *McInerney v. Charter Golf*, 176 Ill. 2d 482, 490 (Ill. 1997). Thus, the court finds no valid oral contract for continued employment.

To establish promissory estoppel under Illinois law, the plaintiff must prove that "(1) defendants made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Dumas v. Infinity Broad. Corp.*, 416 F.3d 671, 677 (7th Cir. 2005). As discussed above, the promise was ambiguous because it lacked a specific duration of employment. Any vague oral contract for lifetime employment could not have been reasonably relied upon by the plaintiff, nor was any reliance foreseeable. Also, the plaintiff admits that she was aware that there would be a "redeployment of exisiting resources [in her department] and that she should look internally to see if there were other areas of the company that she could contribute to." *Plaintiff's Response to Defendant's Local Rule 56.1 Statement of Undisputed Material Facts* ¶14. Lastly, the plaintiff cites Manos as a reference in her job hunt and has received some assistance from him, which minimizes any detriment suffered. Even where there has been reliance, the Statute of Frauds requires granting of summary judgment. *McInerney, 176 Ill. 2d at 492*.

Defendant's motion for summary judgment is granted as to plaintiff's contract and promissory estoppel claims.

### d. Intentional Infliction of Emotional Distress (Count V)

The plaintiff has withdrawn her claim for Intentional Infliction of Emotional Distress.

### Conclusion

For the foregoing reasons, defendant's motion for summary judgment is denied as to Counts I and II and granted as to Counts III, IV and V.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: September 7, 2007