**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIA A. LATORRACA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **06CV2331** |
| | ) | **Judge Andersen** |
| **v.** | ) | |
| | ) | |
| **FORSYTHE TECHNOLOGY INC.,** | ) | |
| **an Illinois corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>DEFENDANT'S MOTION *IN LIMINE* No. 6</u>

Now comes Defendant, Forsythe Technology, Inc. ("Forsythe"), by its counsel, Alisa B. Arnoff and Gregg J. Simon, and as its motion *in limine* seeking to bar the introduction of evidence relating to Forsythe's net worth/financial status/size, states as follows:[1]

### A.  The Evidence is Irrelevant under Rule 402 of the Federal Rules of Evidence

Plaintiff brings claims under the Family and Medical Leave Act ("FMLA") and the Pregnancy Discrimination Act ("PDA").  She seeks to introduce evidence regarding the value of Forsythe.  This evidence is irrelevant under FRE 402, which provides

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

The United States Court of Appeals for the Seventh Circuit has opined that financial information regarding corporate wealth is inappropriate to consider when assessing punitive damages.  Corporations are made up of investors who own the net worth of the company.

---

[1] This motion *in limine* is also relevant to Defendant's Objections to Exhibit Nos. 65-66, Forsythe's 2004-2005 Annual Reports.

"Seeing the corporation as wealthy is an illusion, which like other mirages frequently leads people astray." *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 508 (7th Cir. 1992). *See, e.g., Yund v. Covington Foods, Inc.*, 193 F.R.D. 582 (S.D. Ind. 2000) (denying Title VII plaintiff's motion to compel discovery of defendant's wealth). The investors "may be of average wealth[,]" *see id.*, and thus information elicited about corporate value is, like the corporation itself, a fiction.

In Forsythe's case, the employees are the investors of the company, as it is nearly one hundred percent employee-owned through its employee stock ownership plan ("ESOP"). All of the shares of the company are held in an ESOP Trust (qualified retirement account). Those shares are allocated to individual employee accounts. There are a small number of shares that secure a loan from the company to the trust which at the present time are in the Trust but not allocated to employees, but are held for the benefit of the employees. The loan will be repaid this December and all unallocated shares will be allocated to employee accounts.[2]

Thus, in addition to being based on a fictitious value, an award of punitive damages based on the perceived wealth of Forsythe, the corporate entity, would only punish Plaintiff's former co-workers, and certainly would not have the desired deterrent function. In fact, it could deter companies from providing the ESOP benefit to their workforces based on the danger inherent in permitting the introduction of such evidence.

While liquidated damages are available under the FMLA, the calculation of those damages, if any, is directly tied to the amount of the economic award, and "are compensatory rather than punitive in nature." *See Persky v. Cendant Corp.*, 547 F. Supp.2d 152, 164 (D.

---

[2] Defense counsel, through her signature on this document, certifies to the truth of this statement. Forsythe will provide an affidavit or other evidence if needed to substantiate this point.

Conn. 2008).   Thus, any evidence regarding Forsythe's net worth, size or value would be completely irrelevant to the FMLA claims.

### B.  The Evidence Should be Excluded under FRE 403

Such evidence should be excluded under FRE 403 as it will improperly prejudice the jury's determination of liability.  Rule 403 provides

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Exclusion is especially important given that punitive damages are not even available with respect to Plaintiff's two FMLA claims.   Such evidence might prejudice the jury into finding that Forsythe did not act in good faith towards Plaintiff, and improperly confuse the jury into awarding liquidated damages.

### C.  Alternatively, Bifurcation of  the Punitive Damages Evidence Is Appropriate

Forsythe does not believe that this evidence should be admitted at all.  If this Court is inclined to consider its admission, isolation of this evidence, and therefore, a bifurcation of punitive damages evidence, would prevent prejudice and confusion from occurring.[3]   *See Jones v. Cargill, Inc.,* 490 F. Supp.2d 978 (N.D. Iowa 2007) (Title VII case).  The parties can stipulate to information found in Forsythe's 2004-2005 annual reports, if need be, and limited testimony can be had if and only if needed from Albert Weiss, Forsythe's Chief Financial Officer.  Any such evidence is limited in scope, and could be presented after the jury's issuance of a verdict (if any), if needed.  Excluding this evidence until and unless liability with respect to

---

[3] Defendant will not agree to a bifurcation of damages in their entirety because much of the evidence relating to back pay is relative to the issue of liability.

Plaintiff's PDA claim is found will not prejudice Plaintiff in any way or unreasonably delay these proceedings.

**Respectfully submitted,**

**FORSYTHE TECHNOLOGY, INC.,**

**By:   /s/ Alisa B. Arnoff**
**One of its attorneys**

**Alisa B. Arnoff (ARDC 06197379)**
**Gregg J. Simon (ARDC 06216852)**
**SCALAMBRINO & ARNOFF, LLP**
**One North LaSalle Street**
**Suite 1600**
**Chicago, Illinois 60602**
**(312) 629-0545**